*Philadelphia.*

SICARD *against* PETERSON.

*Monday,*
December 15.

IN ERROR.

A writ of error lies on the report of arbitrators, appointed under the act of 20th March, 1810.

An award, by such arbitrators, of a sum of money to the plaintiff, "on condition of his giving possession to the defendant, of the goods, chain machinery, and all other articles belonging to the factory, lately under the direction of the plaintiff," is bad for uncertainty.

ERROR to the District Court of the city and county of *Philadelphia*, in an action on the case brought by *Peterson* against *Sicard*, in the Court below, which was arbitrated under the act of 20th *March*, 1810. An award was made of " the sum of one hundred and fifty dollars to the plaintiff, " on condition of his giving possession to the defendant of " the goods, chain machinery, and all other articles belong- " ing to the factory, lately under the direction of the plain- " tiff."

*Levy*, for the defendant in error, being requested by the Court to proceed first, contended, that it was the duty of the defendant below, to have appealed, or filed exceptions, and that no writ of error lies. He cited *Dubosque* v. *Guardians of the Poor*,(a) *Savage* v. *Gulliver*.(b)

(a) 1 *Binn.* 415          (b) 4 *Mass. Rep.* 171.

PER CURIAM. We cannot hear an argument now, whether a writ of error lies on a report filed by arbitrators, under the compulsory arbitration act. It has been decided more than once, and the law must now be taken as settled.

*Levy*, then contended, that the award was valid; and cited *Kunkle* v. *Kunkle*,(a) 2 *Johns.* 57. 1 *Binn.* 109.

*Kittera*, for the plaintiff in error.

The opinion of the Court was delivered by

TILGHMAN C. J. The report of the referees becomes a judgment, when entered on the docket of the prothonotary. Every judgment must be certain, but in this report there is no certainty. The defendant, *Sicard*, is to pay to the plaintiff a sum of money, *on condition, that the plaintiff delivers to him the goods, chain machinery, and all other articles belonging to the factory, lately* under the direction of the plaintiff. What these goods, &c. are, we are left to guess. Whether this kind of conditional award would have been good, under the act of assembly, even if the articles had been particularised, it is unnecessary to decide. As it is, it is certainly bad, for uncertainty. We are of opinion, that the judgment should be reversed.

Judgment reversed.

(a) 1 *Dall.* 365.                    (b) 1 *Binn.* 109.